IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY RUCKER,
No. 11049-031,

Petitioner,

vs.                                                                 Case No. 15-cv-00206-DRH

JAMES N. CROSS, JR.,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Larry Rucker, currently incarcerated at the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Put succinctly, Rucker seeks to challenge the sentencing court's determination that his convictions for burglary of commercial buildings would not qualify as a predicate offenses for purposes of a career offender enhancement under the Armed Career Criminal Act ("ACC"), 18 U.S.C. § 924(e). *See United States v. Rucker*, Case No. 04-cr-20150-JWL (D. Kan. 2005).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.  After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

## Procedural History

In 2005, following a jury trial in the United States District Court for the District of Kansas, Larry Rucker was convicted of being a felon in possession of a handgun (Count 6), in violation of 18 U.S.C. § 922(g)(1); two counts of using, carrying or brandishing a gun during or in relation to a robbery (Counts 2 and 4), in violation of 18 U.S.C. § 924(c); and, two counts of robbery affecting interstate commerce under the Hobbs Act (Counts 3 and 5), in violation of 18 U.S.C. § 1951.  Of relevance to the ACC enhancement, Counts 2 and 3 involved a robbery that occurred at the KC Quick Pick, and Counts 4 and 5 involved a robbery which occurred at Bargains to the Max thrift store.  *See also* K.S.A. 21–3715 (now K.S.A. 21–5807).  Rucker was sentenced to imprisonment for a term of 509 months. *United States v. Rucker*, Case No. 04-cr-20150-JWL (D. Kan. 2005).

On direct appeal, Rucker challenged the sufficiency of the evidence against him, and a variety of evidentiary issues.  His conviction and sentence were affirmed. *United States v. Rucker*, 188 Fed. Appx. 772 (10th Cir. 2006).

In 2007, Rucker unsuccessfully moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  He took issue with the trial court's jurisdiction under the Hobbs Act, challenged several jurors and an expert witness,

and argued that he was denied due process due to the ineffective assistance of counsel.  No appeal was taken.

## The Habeas Petition

In the instant Section 2241 petition Rucker argues that his convictions for burglary  (which the Court assumes involved commercial buildings) do not qualify as predicate offenses triggering the "career offender" enhancement under the ACC. Petitioner maintains that the sentencing court failed to discern the nature of the burglaries for purposes of applying the enhancement, in keeping with the United States Supreme Court's decision in *Descamps v. United States,* __ U.S. __, 133 S. Ct. 2276 (2013).  In light of the Court's holding in *Descamps*, petitioner insists that his convictions should not have been used to enhance his present sentence.

Relying on *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), and *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), among other similar cases, petitioner asserts that he may bring this claim under the "savings clause" of 28 U.S.C. § 2255(e) because *Descamps* establishes that he is "actually innocent" of the ACC sentencing enhancement.

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir.

2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to Section 2255 in the court that sentenced him. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. The "savings clause" in 28 U.S.C. § 2255(e) authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second/successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

With these conditions in mind, the Court turns its attention to *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), the case cited by petitioner as grounds for this Section 2241 petition. In *Descamps* the Supreme Court held that sentencing courts may not apply a "modified categorical approach" and consider additional documents to determine if a conviction is a "violent felony" under the Armed Career Criminal Act (18 U.S.C. § 924(e)) when the crime of conviction has a "single, indivisible set of elements." *Descamps,* 133 S.Ct. at 2281–82; *see also United States v. McDonald,* 592 F.3d 808, 810 (7th Cir. 2010) (explaining that the modified categorical approach is permitted when a statute creates more than one crime or modes of commission, not all of which qualify as a predicate offense under the Armed Career Criminal Act and the court must determine which crime formed the basis of the defendant's conviction).

*Descamps* is a new statutory interpretation case, but it does not represent a change in the law that can help Rucker. The Court in *Descamps*

reiterated the "categorical approach" analysis outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which has been the rule since well before petitioner's conviction and sentencing in 2005. Rucker relies upon *Taylor* throughout his petition (Doc. 1, pp. 2, 5, 7, 8)—ignoring that that decision predates his criminal conviction and his Section 2255 motion. Moreover, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) *cert. denied*, 135 S. Ct. 501, 190 L. Ed. 2d 383 (2014) *reh'g denied*, 135 S. Ct. 1038 (2015) ("To date, the Supreme Court has not made *Descamps* retroactive on collateral review.). Nothing in *Descamps* suggests that the Supreme Court intended for it to be applied retroactively to cases on collateral review and, as far as this Court is aware, no federal court of appeal has found otherwise. *See, e.g., Ezell v. United States*, No. 14-71696, 2015 WL 294306, at *3-4 (9th Cir. Jan. 23, 2015); *In re Jackson*, No. 14-30805, 2015 WL 127370, at *3 (5th Cir. Jan. 8, 2015); *Wilson v. Warden, FCC Coleman,* 581 F. App'x 750, 753 (11th Cir. 2014) (unpublished per curiam).

For these reasons, petitioner has failed to show that the savings clause is applicable to this claim. His Section 2241 petition shall be dismissed.

## **Disposition**

As discussed above, petitioner has not demonstrated that Section 2255 is an inadequate remedy for his current claim and, consistent with *Davenport*, petitioner cannot raise these claims through a Section 2241 petition. *Davenport*,

147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED with prejudice**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated:**

Digitally signed by David R. Herndon
Date: 2015.03.23 15:24:44 -05'00'

**District Judge**
**United States District Court**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).